UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACOB MOSKOWITZ, | Civ. No. 19-12489 (ZNQ)(JBD) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| THE STATE OF NEW JERSEY, *et al.*, | |
| Defendants. | |

Before the Court is plaintiff Jacob Moskowitz's Motion to Amend his First Amended Complaint. [Dkt. 134]. Defendants Rutgers, The State University of New Jersey ("Rutgers"), John Brennan, Anna Kornienko, Lydia Haynes, Peter Skeels, and Patrick McDermott oppose the motion. [Dkt. 139.] The Court has carefully considered the parties' motion papers and for the reasons set forth below, GRANTS plaintiff's motion to file a second amended complaint. In doing so, the Court expresses no view on the legal sufficiency of plaintiff's amended pleading, and defendants will have the opportunity to challenge it under Rule 12.

I.  **BACKGROUND**

On May 10, 2019, plaintiff filed a complaint alleging that he suffered harm following his exposure to three unknown "Experimental Thorium Compounds" ("ETCs") while employed at Rutgers as a glassblower in the Department of Chemistry and Chemical Biology from March 2016 to May 2018. These ETCs, he alleged, each contained a combination of chemicals involving thorium and numerous other hazardous and toxic chemical compounds. Plaintiff amended his complaint in

1

November 2021 in an effort to avoid preemption of his claims under the federal Price-Anderson Nuclear Industries Indemnity Act, 42 U.S.C. § 2011, *et seq.* ("PAA"). His amended complaint raised nine claims, including, among others, negligence, battery, breach of contract, and a § 1983 claim. Defendants moved to dismiss the complaint. In April 2023, the Court granted the motion, concluding that the PAA preempted all of plaintiff's claims because—as pleaded—those claims arose out of his alleged exposure to thorium, rendering the exposure a "nuclear incident." [Dkt. 99.] "[A]s a matter of law," the Court explained, the ETCs to which plaintiff allegedly was exposed "qualify as source materials within the meaning of the PAA." *Id.* at 10. The Court recognized that its decision "may be fatal to [p]laintiff's attempts to plead state law causes of action, but not fatal to his case," because he "may pursue his claims as federal claims under the PAA." *Id.* at 11. Accordingly, the Court granted plaintiff leave to file a second amended complaint within 30 days of its opinion.

Plaintiff elected not to file a second amended complaint asserting claims under the PAA. Between May 2023 and November 2023, plaintiff requested—and the Court granted—several extensions to allow him to continue investigating the factual basis underlying his claims. *See* [Dkts. 101-109.] Ultimately, in November 2023, plaintiff sought another order from the Court seeking additional discovery in aid of his preparation of a second amended complaint. [Dkt. 110.] Defendants opposed the request, *see* [Dkt. 111], and the Court held a telephonic conference with the parties on February 22, 2024. [Dkt. 114-115.] During the

conference, the Court denied plaintiff's request for additional discovery and directed him to file a second amended complaint consistent with the Court's earlier opinion. [Dkt. 116.] Plaintiff raised the possibility of filing a Rule 60(b) motion in respect of that opinion—instead of an amended complaint—in light of new evidence that plaintiff claimed to have obtained during his investigation. While the Court set a deadline for filing a second amended complaint, it did not preclude a Rule 60(b) motion, and plaintiff filed such a motion on March 26, 2024 in lieu of an amended complaint.

On October 18, 2024, the Court denied the Rule 60(b) motion in a letter order, explaining that Rule 60(b) was "not the proper mechanism to pursue the relief [plaintiff] seeks." [Dkt. 130] at 1. Instead, the Court permitted plaintiff to file a motion for leave to file a second amended complaint to "persuade the Court that he can plead plausible claims of his choosing." *Id.* at 2. Plaintiff now has filed a motion seeking leave to file a second amended complaint, which defendants have opposed. [Dkts. 134, 139, 141.]

## II.  DISCUSSION

As relevant here, a party may amend its pleading only with leave of court or the written consent of the opposing party. Fed. R. Civ. P. 15 (a)(2). Rule 15(a) "provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (citations omitted). The Court may deny a motion to amend only where there is (i) undue delay; (ii) bad faith or dilatory

3

motive; (iii) undue prejudice; (iv) repeated failures to cure deficiencies; or (v) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

Here, defendants oppose the motion on grounds of undue delay, bad faith, and dilatory conduct.[1]  They argue that plaintiff has had several opportunities to amend but instead chose not to do so and delayed the litigation by many months with an alternative motion, only to later request multiple extensions and amend his pleading in a manner that "does not attempt to state a claim under Price-Anderson." [Dkt. 139.]  Further, they argue that plaintiff's course of conduct is evidence of bad faith:  refusing to produce or identify studies substantiating his claims, failing to cite to the record in his current motion, making false statements in his brief, and a "history of irrelevant, unfounded, false, conclusory and

---

[1]   In denying plaintiff's Rule 60(b) motion, the Court advised defendants that they "may reserve arguments with respect to futility in their opposition to the Motion to Amend in favor of pursuing a later Motion to Dismiss, should leave to amend the Complaint be granted." [Dkt. 130.]  Defendants have followed that course and have reserved their arguments regarding futility of the proposed second amended complaint for a future motion to dismiss. [Dkt. 139.]  Accordingly, the Court does not address the legal sufficiency of the proposed second amended complaint.

4

inflammatory allegations about [d]efendants." *Id*. Finally, defendants contend that plaintiff has forced defendants and the Court to address unfounded legal theories and factual allegations through costly motion practice that has prejudiced defendants and wasted judicial resources.

For his part, plaintiff maintains that the proposed amendments incorporate new evidence learned during discovery. He explains that he learned what potential chemical materials were contained in the contaminated glassware he handled and the type of materials that Rutgers purchased that he allegedly encountered. He asserts that while the investigation underlying the proposed amendments took some time, they are not the product of dilatory conduct or bad faith.

"Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court." *Foman*, 371 U.S. at 182. The rule liberally allows for amendments considering the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* (citations and internal quotations marks omitted). Absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. *Long*, 393 F.3d at 400 (citations omitted).

Addressing defendants' arguments here, "the question of undue delay [or dilatory motive] requires that we focus on the movant's reasons for not amending sooner." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (internal

5

citations omitted).  While the Court appreciates that early proceedings in this case have been beset by delay, on review of the record the Court concludes that plaintiff's actions are not the product of undue delay or dilatory motive.  Plaintiff's reasons for not amending sooner—investigative efforts through consultation with the Nuclear Regulatory Commission and investigation through the New Jersey Bureau of Environmental Radiation—are satisfactory.  Indeed, throughout this litigation, plaintiff has requested leave for extensions for the purpose of investigating complicated issues to determine the alleged facts and legal bases of his claims.  At each juncture, the Court considered the requests and granted the extensions.  Finally, although plaintiff's Rule 60(b) motion was improperly filed and therefore denied, the Court does not view it as a product of plaintiff's unreasonable delay or dilatory motive.

With respect to prejudice, the Third Circuit has directed courts to "consider[] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."  *Cureton*, 252 F.3d at 273.  Plaintiff asserted similar legal theories in his first amended complaint and now alters them in a continued effort to avoid the PAA.  Regardless of the added legal claims and revisions to the factual allegations in the proposed second amended complaint, plaintiff has remained steadfast in his belief that the PAA does not preempt and supersede his claims.  And defendants remain equally steadfast that the claims in the proposed second amended complaint continue to be subject to and preempted by the PAA.  At this juncture, requiring defendants to defend against the

6

proposed second amended complaint will come as no surprise and will not result in unfair prejudice.

As stated at the outset, nothing in this Memorandum Order should be understood to suggest that the second amended complaint will withstand a Rule 12 challenge, and defendants' right to assert such a challenge remains intact. *See* [Dkt. 130]; *supra* n.1.  The Court here concludes only that plaintiff should be permitted to file the proposed second amended complaint.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to amend [Dkt. 134] is GRANTED.  Plaintiff shall file the second amended complaint in the form attached to his motion on or before May 21, 2025.

IT IS SO ORDERED this 16th day of May, 2025.

_____
J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE